UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBIN BARTHOLICK,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Civil Action No. 06-1612-CRD<br><br>ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |

Plaintiff Robin Bartholick appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(I), 423(d), after a hearing before an administrative law judge ("ALJ"). The parties agree that this case must be reversed and remanded. The only issue is whether the remand is for further administrative proceedings or for payments of benefits without further proceedings. For the reasons set forth below, the Court ORDERS that the Commissioner's decision be REVERSED and REMANDED for further proceedings not inconsistent with the Court's instructions.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a forty-seven year old male. *See* Dk. No. 11 at 1. He completed high school and attended two years of college, studying photography at the National Technical Institute for the Deaf in Rochester, New York. *Id*. His past work experience has been limited to the photography business and he last performed substantial gainful activity in 2001. *Id*.

Plaintiff filed his application for disability insurance benefits on February 28, 2003, alleging disability beginning in January 1, 2002 due to deafness and upper back or neck injury. *See* Administrative Record ("AR") at 67-69, 75. His claim was denied initially and on reconsideration. *Id.* at 22-31. Plaintiff made a timely request for a *de novo* hearing before an ALJ. *Id.* at 32. ALJ Ruperta M. Alexis conducted the hearing on January 9, 2006. *Id.* at 158-84. The ALJ heard testimony from two witnesses: plaintiff, who was represented by counsel, and Robert Aslan, a vocational expert ("VE"). *Id.* At the administrative hearing, testimony from plaintiff indicated the likely presence of depression as a significant emotional difficulty. Dkt. No. 11 at 1. Therefore, the ALJ ordered a consultative evaluation which was performed by Psychiatrist Anselm Parlatore, M.D. on February 15, 2006. *Id.* Dr. Parlatore diagnosed plaintiff with dysthymia and major depression, and rated plaintiff's global assessment of functioning ("GAF") at 45. AR at 149-52.

On June 27, 2006, the ALJ issued a decision finding plaintiff not disabled. *Id.* at 10-21. The Appeals Council considered a letter from plaintiff's attorney, but denied plaintiff's request for review, *Id.* at 5-8, 156-57, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § § 404.981, 422.210 (2006).

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. § § 405(g) and 1383(c)(3).

## III. ISSUES ON APPEAL

The parties agree that this case must be reversed and remanded. The only issue that remains is whether this Court should remand for further administrative proceedings or for

payment of benefits without further proceedings.

## IV. DISCUSSION

This Court has the discretion to reverse the Commissioner's final decision with or without remand for further administrative proceedings. 42 U.S.C. § 405(g). The decision whether to remand a case for further proceedings turns on the likely utility of such proceedings. *See Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). If there are unresolved issues and if the record does not clearly require a finding of disability, the court should remand for further proceedings to remedy defects in the original administrative record. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

Here, the ALJ found that plaintiff has severe bilateral hearing loss and disorders of the lumbar and cervical spine. AR at 15. The ALJ also agreed that plaintiff's testimony indicated that he might have mental impairments with resulting functional limitations. *Id*. at 183-84. In fact, the ALJ ordered a consultative psychiatric examination of plaintiff. *Id*. The psychiatrist, Dr. Parlatore, diagnosed plaintiff with dysthymia and major depression, and rated his GAF at 42. *Id*. at 149-52. Dr. Parlatore found that plaintiff's depression was acute and chronic and determined that it had negatively impacted plaintiff's ability to function. *Id*. at 152.

Despite these impairments, the ALJ found that there was insufficient evidence to show that plaintiff had a severe affective disorder. *Id*. at 16-17. Specifically, the ALJ found that plaintiff's statement of symptoms alone was insufficient to establish a physical or mental impairment and that Dr. Parlatore's findings were "based purely on patient history and not accompanied by recognized clinical objective testing." *Id*. at 17.

The Court disagrees. Dr. Parlatore's findings were based on his interview of plaintiff. *Id*.

at 149-55. He administered a mental status examination in addition to taking plaintiff's mental history. *Id*. As such, Dr. Parlatore's observations regarding plaintiff constitute acceptable clinical findings. 20 C.F.R. § 404.1513(b)(2). Therefore, the Court finds that the ALJ's decision was legally flawed and not supported by substantial evidence and must be reversed. *See Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005). The ALJ did not properly address Dr. Parlatore's opinion and, as a result, her assessment that plaintiff does not have a severe mental impairment is likely erroneous. Because the ALJ erred in her consideration of examining source opinion, the ALJ's assessment of plaintiff's credibility, RFC and ability to perform past relevant work should also be reassessed.

On remand, the ALJ is directed to reassess plaintiff's impairments and, in doing so, to reconsider and properly address the medical source opinions in the record, particularly Dr. Parlatore's findings. If necessary, the ALJ should obtain a consultative mental examination and/or medical expert testimony. The ALJ is also directed to reassess plaintiff's RFC and, if warranted, to obtain supplemental vocational expert testimony.

The Court is aware that it has been nearly four years since plaintiff first applied for disability benefits. Such a delay is unacceptable and the remaining administrative proceedings should occur on an expedited basis.

//

//

//

//

//

## V. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED for further proceedings pursuant to 42 U.S.C. § 405(g) (a sentence four remand).

DATED this 12th day of December, 2007.

s/Carolyn R. Dimmick
—————————————————
Carolyn R. Dimmick
United States District Court Judge